THE STATE OF OHIO, APPELLEE, *v.*
SAPSFORD, APPELLANT.

(No. 11121 — Decided
November 9, 1983.)

*Lynn Slaby,* prosecuting attorney,
for appellee.
*Richard E. McCune,* for appellant.

GEORGE, J.   William Sapsford,
defendant-appellant, was convicted of
three counts of rape and one count each
of attempted aggravated murder, felonious sexual penetration, kidnapping and
felonious assault. Each judgment of conviction is affirmed.

On July 15, 1982, at about 11:00
p.m., a female juvenile was taken from
the front porch of her house at gunpoint
to a wooded area across the street from
her home. The victim was forced to
engage in sexual conduct on numerous
occasions, and was bitten, hit and
stabbed by the assailant. Upon the conclusion of the series of rapes, the victim
was tied up, choked and left nude in an
unconscious state to be discovered by
her family. The entire incident extended
for a period of two hours or more.

Another man was arrested for these
crimes and was held in jail for three
months until his dental exemplars exonerated him.

Sapsford was arrested four months
later and entered pleas of not guilty.
After his arrest, the municipal court
ordered that dental casts, photographs
and wax impressions be made of
Sapsford's teeth. The impressions
resulting from the order were compared
to one distinct bite mark made on the
victim. A forensic odontologist con-

1

cluded that both impressions were made by the same person. Sapsford moved the trial court to suppress this evidence and after a hearing was held, that motion was denied.

Sapsford thereafter changed his pleas to no contest and was found guilty of the seven offenses. The trial court imposed the maximum sentence on each of the counts, to be served consecutively.

### Assignment of Error 1

"The lower court committed prejudicial error, and violated the defendant's rights guaranteed by the Fourth Amendment to the United States Constitution, as well as the Fifth and Fourteenth Amendments to the United States Constitution insofar as they require due process of law, and Ohio law, by denying defendant's timely motion to suppress evidence obtained as a result of an involuntary, court-ordered, dental examination performed upon the defendant."

Sapsford initially maintains that he was compelled to submit to dental procedures which produced dental exemplars making him the source of incriminating physical evidence. For that reason, he claims that such compulsion was in violation of his Fifth Amendment privilege against self-incrimination. This court cannot agree.

It is well-settled that the Fifth Amendment privilege extends only to testimonial or communicative acts and not to acts noncommunicative in nature. *Schmerber* v. *California* (1966), 384 U.S. 757. The taking of dental casts, photographing teeth and making wax impressions are identification procedures. They are not unlike the extraction of blood and the taking of photographs or fingerprints.

Physical manifestations of fixed characteristics, in the form of dental casts, photographs and wax impressions, are not evidence which falls within the protective shield of the privilege against self-incrimination. *Schmerber*

*supra; People* v. *Milone* (1976), 43 Ill. App. 3d 385, 356 N.E. 2d 1350. This evidence, although incriminating products of compulsion, was not a communicative act of Sapsford's and therefore was not inadmissible on privilege grounds.

Sapsford also maintains this evidence was the product of an unconstitutional search and seizure in violation of the Fourth and Fourteenth Amendments. The dental casts, photographs and wax impressions were made pursuant to a municipal court order. The order was granted on the state's motion to compel the defendant to submit himself to such dental procedures as would yield these exemplars.

The Fourth Amendment protects an individual's privacy and dignity from unwarranted intrusions by the state. No Ohio case, however, has addressed the issue of the admissibility of court-ordered dental exemplars. Thus, an examination of the law of other jurisdictions with regard to evidence obtained through bodily intrusions is necessary.

The United States Supreme Court, in *Schmerber, supra,* discussed a defendant's Fourth Amendment right in conjunction with the extraction and use of his blood as evidence. The court concluded that unobtrusive methods of obtaining body fluids which result in identification evidence do not violate a defendant's right against unreasonable searches and seizures. The court noted at 768:

"* * * [O]nce the privilege against self-incrimination has been found not to bar compelled intrusions into the body * * * the Fourth Amendment's proper function is to constrain, not against all intrusions as such, but against intrusions which are not justified in the circumstances, or which are made in an improper manner. * * *"

Several other jurisdictions have followed this rationale in admitting evidence of physical characteristics. See

*People* v. *Smith* (1982), 86 App. Div. 2d 251, 450 N.Y. Supp. 2d 57; *Patterson* v. *State* (Tex. Crim. App. 1974), 509 S.W. 2d 857; *People* v. *Marx* (1975), 54 Cal. App. 3d 100, 126 Cal. Rptr. 350, and *People* v. *Milone, supra.*

This court notes at the outset the dental exemplars are a means of identification just as fingerprinting, photography, speech identification or blood testing. No court order is ordinarily required to obtain an identification by any of these methods. In the present case, however, the testimony at the suppression hearing indicates that Sapsford was requested, but refused, to voluntarily submit to the procedures.

The court granted the motion to compel and ordered Sapsford to submit to dental identification procedures to be conducted by authorized personnel. Sapsford was to present himself for a set of dental casts, close-up photographs of the edges of his teeth and wax impressions of his bite. An exception was noted for the record by defense counsel.

The casts, photographs and impressions were taken and there is no allegation of the use of improper or medically unacceptable procedures. The procedure used was not painful nor of a long duration. Further, there was no claim that unnecessary or improper intrusions were made.

The taking of dental casts, photographs and wax impressions for identification purposes is like any other identification procedure and does not require a court order or a search warrant. The need for a court order in this case arose by reason of Sapsford's refusal to submit to such identification procedures. Since voluntary submission was not possible, court-ordered submission was sought and granted.

The compelling of Sapsford to submit to the taking of dental casts, photographs and wax impressions did not violate Sapsford's Fourth, Fifth and Fourteenth Amendment rights. Accord-

ingly, this assignment of error is overruled. * * * ■

The judgments of conviction are, therefore, affirmed.

*Judgments affirmed.*

MAHONEY and HARRIS, JJ., concur.

HARRIS, J., of the Court of Common Pleas of Lorain County, sitting by assignment in the Ninth Appellate District.